CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

Attorney for Plaintiff
HB Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HB Productions, Inc., | ) | **Case No.: 1:19-cv-389-ACK-KJM** |
|---|---|---|
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF MOTION** |
| JOHN DOE dba YTS et. al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  BACKGROUND

Plaintiff HB Productions, Inc. (hereafter: "Plaintiff") is the owner of the copyright in the motion picture *Hellboy* [Docs. #1-2]. JOHN DOE dba YTS (Senthil Segaran and Techmodo Limited) is the entity that copied the motion picture, created the file "Hellboy (2019) [WEBRip] [1080p] [YTS.LT]" and initially seeded the torrent file for downloading the movie on the BitTorrent

network. The Defendants Does 1-19 are BitTorrent users whose computers are interconnected with others and used for illegally copying and distributing Plaintiff's motion picture to others via the torrent file created by JOHN DOE dba YTS (Senthil Segaran and his company Techmodo Limited). Plaintiff is suing the Doe Defendants for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As the Defendants anonymously used the Internet to commit infringement, Plaintiff only knew their Internet Protocol ("IP") addresses and the time of the infringement at the time of filing the Complaint. [Doc. #1-1]. Based on pre-filing investigations, Defendants' IP addresses were assigned by their Internet Service Provider ("ISP"), Charter Communications. In accordance with this Court's order of August 19, 2019 [Doc. #12], Charter Communications notified their Internet Subscribers prior to disclosing the identification information to Plaintiff's counsel to give them an opportunity to file any motions in this Court contesting the subpoena. Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) submitted objections to the subpoena, respectively, that were received by this Court on September 12 and September 20, 2019 [Docs. #16 and 19].

By this motion, Plaintiff seeks an order dismissing the objection of Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) and compelling Charter

Communications to disclose the requested identification information of Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16).

II.     ARGUMENT

    A.     Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) have not asserted a legal basis for Quashing the Subpoena.

This Court's order gave the subscribers 30 days from the date of service to file any motions contesting the subpoena. [Doc. #12, pg. 7, ¶5]. The objection from Jessica Beltran (Doe 9) fails to assert any legal basis for quashing the subpoena beyond a naked objection.  This Court has repeatedly rejected such naked objections. *See UN4 Productions, Inc. v. Does 1-16*, 1:17-cv-00448-RLP-NONE, Doc. #14 ("Although Doe 16 states that it objects to the release of its information, it does not provide any basis for its objection. Under Federal Rule of Civil Procedure 45(d)(3), the Court can only quash the subpoena if it seeks privileged information or subjects Doe 16 to undue burden.  Because Doe 16 does not provide a basis for its objection, the objection is DENIED."), *Id.* at Doc. # 26 ("In the objection, Doe No. 4 objects to the disclosure of the requested information, but does not provide any basis for its objection. Based on the information before the Court, there is no indication that the discovery requested by Plaintiff asks for privileged information or subjects Doe 4 to undue burden").

Kenneth Evans (Doe 16) admits: "One or both of my children, ages 9 and 5, downloaded this movie for their personal use…" and further states: "I do not want my minor children involved with any court proceedings." However, assuming that his 9 and 5 year old children are not the named subscriber, the subpoena requests *his identification information* (which he disclosed in his objection), not that of his minor children. Disclosure of his information does not constitute an undue burden because Rule 5.2 of the *Federal Rules of Civil Procedure* provides protection from revealing identification information of minors. Moreover, Plaintiff respectfully states that it possesses evidence that strongly refutes Kenneth Evans's assertion that his minor children are responsible for the unauthorized copying of its motion pictures.

B.   There is no undue burden or expense to Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) to comply with the Subpoena.

Notwithstanding Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) failing to assert a legal basis for quashing the subpoena, Plaintiff respectfully asserts that the third party subpoena served on Charter Communications fully complies with Rule 45 of the Federal Rules of Civil Procedure.

Rule 45(d)(1) requires an attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(1).   Charter

Communications has not objected to the subpoena per Rule 45(d)(2)(B).  There is no expense required of Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) to comply with the subpoena at issue.   Further, Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) have not asserted a recognized undue burden.

Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter.  See Fed. R. Civ. P. 45(d)(3)(A)(iii).   The subpoena does not require disclosure of privileged or other protected matter.   It should be noted that Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) do not have a recognized privacy interest in his/her IP address. The Ninth Circuit has consistently held that a person has no legitimate expectation of privacy in information they voluntarily turn over to third parties.  For example, in the Fourth Amendment context, in *United States v. Forrester*, the Ninth Circuit allowed the warrantless collection of email and IP address because email and IP addresses "constitute addressing information and do not necessarily reveal any more about the underlying contents of communication than do phone numbers." *See United States v. Forrester,* 512 F.3d at 500, 510 (9th Cir. 2008).

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff requests that this Court issue an order dismissing the objection of Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) and compelling Charter Communications to disclose the identification

information of Jessica Beltran (Doe 9) and Kenneth Evans (Doe 16) as requested in the Rule 45 subpoena in accordance with the order of August 19, 2019 [Doc. #12].

DATED: Kailua-Kona, Hawaii, October 16, 2019.

                        CULPEPPER IP, LLLC

                        <u>/s/ Kerry S. Culpepper</u>
                        Kerry S. Culpepper

                        Attorney for Plaintiff
                        HB Productions, Inc.